*F. M. Hatch*, for appellant.

*A. S. Hartwell* and *W. A. Kinney*, for respondents.

---

## PROVISIONAL GOVERNMENT OF THE HAWAIIAN ISLANDS *vs.* WILLIAM L. MOSSMAN.

### EXCEPTIONS.

HEARING, JANUARY 4, 1894.        DECISION, JANUARY 15, 1894.

JUDD, C.J., BICKERTON AND FREAR, JJ.

It is not an abuse of discretion for a Circuit Court to grant a motion for change of venue from Maui to Honolulu in a criminal case, for the reason that it may be necessary to produce in evidecce the records and books of the General Post Office in Honolulu, and that it would be detrimental to the public service and contrary to public policy to remove such books and records to another island.

OPINION OF THE COURT, BY BICKERTON, J.

The defendant was employed in the branch post office at Makawao, Island of Maui, as an officer of the Hawaiian Government, in the postal department of said Government, the said office being a branch of the Department of Finance, the Postal Savings Bank and the Money Order Office. At the June Term, 1893, of the Circuit Court, of the Second Circuit, an indictment was presented charging the defendant

with the embezzlement of $55, the property of the Hawaiian Government; the plea was reserved, and the case continued until the December Term, 1893, at which term two other indictments were found and presented, one charging the defendant with the embezzlement of fifty dollars, and the other charging him with the embezzlement of three hundred and ninety-nine and 48-100 dollars, both sums being money, the property of the Hawaiian Government, the plea to both these indictments being reserved. The Attorney-General moved the Court for a change of venue to Honolulu in all three cases, giving as reasons therefor that material and necessary evidence on behalf of the prosecution in the said cases is contained in the records and books of the Postal Savings Bank and in the Money Order Department of the General Post Office in Honolulu, without which evidence a fair and impartial trial of said cases could not be had, and which said books and records could not be produced at the trial of these cases before the said Circuit Court, for that it would be detrimental to the public service and contrary to public policy, that said books and records should be removed from said Honolulu. The Court granted the motion, and ordered that the place of trial of these cases be changed from the Second Judicial Circuit to the First Judicial Circuit, and that the records of the said case be transferred to said Circuit. To this ruling and order the defendant, by his counsel, excepted, and the matter now comes here on a bill of exceptions, allowed by the Circuit Judge of the Second Judicial Circuit.

Under the statute, the Act of 1876, to Regulate the Practice and Procedure in Criminal Cases, Section 13, page 341, Compiled Laws, Circuit Courts are authorized in their discretion to order that the place of trial of any criminal case pending before the Court be changed to some other Circuit. The Judiciary Act, Laws of 1892 and 1893, page 105, provides that the discretion may be exercised upon satisfactory proof that a fair and impartial trial cannot be

had    *   *   *    and after parties shall have had opportunity
to be heard.

A full hearing was had and the defendant filed an affidavit
setting forth *inter alia* " that to the best of his knowledge and
belief the accounts between the said central office and said
country office are based upon and taken from the reports sent
to the central office from said country offices, and especially so
in reference to accounts connected with the Money Order and
Savings Bank branches of the Post Office Department; that all
accounts in the books of the Postmaster General, regarding
the transactions in the Money Order and Savings Bank de-
partments of the post office at Makawao, Maui, are based
upon the reports from said Makawao post office, the original
entries of which were entered and appeared in the books of
the postmaster at said Makawao." This may all be perfectly
true and yet it might be necessary to produce the books
from the central office. The Makawao books might show
that all the money received there had been forwarded to the
Honolulu office and might on their face appear perfectly
straight, but on their being compared with the books of the
central office it might appear that such remittances had
never been received. In fact, all the business of these
branch offices centers in the central office and on no account
should these books be allowed to be out of the reach of the
central office at any time. Naturally they are required
constantly for reference, not only as regards matters at
Makawao, but all over the islands, and business with the
public in general. Another and most important reason why
the records should not be taken to the island of Maui is the
risk of loss, destruction, or damage. We are most decidedly
of the opinion that the moving of these records and books
to Maui would be detrimental to the public service and
contrary to public policy.

This was a matter in the discretion of the Circuit Court,
and the only question for us is, did the Court abuse its dis-
cretion in granting the motion. We are of the opinion that

there was no abuse of discretion and that the motion was properly granted.

The exceptions are overruled.

*Attorney-General W. O. Smith,* for prosecution.

*V. V. Ashford,* for defendant.